Judge Nicholas
delivered the Opinion of the Court.
THERE being a controversy between the parties to this suit, about the proprietorship of a tract of land and other matters pertaining thereto, they agreed to submit the same to arbitration, and with that view, united in a petition to the circuit court, which made the reference ao-cordingly.
The arbitrators returned an award, in substance as follows :—
That partition be made between the parties, in which the Coghills were to have two thirds of the whole tract secured, agreeably to its intrinsic value, subject to a deduction of sixty six acres and two thirds; and that the residue be allotted to Hord. In making partition, the share of Hord to be so laid off as to cover th e parcels of land which he has sold &c. unless his sales shall exceed his quantity. If his sales shall exceed his quantity, then it shall be submitted to the Coghills to elect on which of the parcels sold by Hord, their share shall lie, so far as may be necessary to give them their quantity. Or if the Coghills shall prefer to take money instead of land, so far as their share may fall on parcels sold by Hord— then we award that Hord shall pay the value of such parcels. We also a,ward that each party shall pay then-own costs.
Various exceptions were taken by Hord, both to the sufficiency of the origina] submission, and of the award, and also to the proceedings of the arbitrators.
The circuit court having quashed and set aside the awarc]5 ¡.¡10 Coghills have brought the case here for revision.
An award must be final, certain and conclusive, or it may beset aside.
Award, that a party shall have land secured to him, or have its value in money, at his election : this is not certain and final.— The time in which to elect ought to have been limited, and the value of the land in money, ascertained.
An award that leaves anything for future adjustment, (otherwise than by computation or measurement, cannot be sus tained.
In assigning our reasons for affirming the decision of the circuit court, we shall notice only one of the various exceptions taken by Hord. It is that which assails the award on the ground that it is not final, certain and conclusive.
This exception is well taken. Waiving all objection to .that part of the award which says the Coghills shall have two thirds of the tract secured to them, without saying how it is to be secured, whether by simple release or conveyance from Hord, or by procuring reconveyances and possession from those to whom he had sold, we think the award defective in not having prescribed a time within which the Coghills should make the election allowed them ; or at least in not ascertaining the value in money which they are allowed to take in lieu of the land conveyed by Hord.
This case is wholly unlike those we have been referred to in support of the award. We know of no case which sanctions an award as final, that leaves for future adjustment any thing that does not lie either in computation or admeasurement. None goes so far, nor would we feel inclined to follow any such, if such there be, as sanctions the leaving to future adjustment, a matter so wholly uncertain as that of the value of property, ascertainable merely by the opinions of witnesses.
The order, quashing the award, must be affirmed, with costs.