HARTFORD FIRE INS. CO. *et al. v.* BONNER MERCANTILE CO.

(*Circuit Court, D. Montana.*    November 6, 1890.)

1. ARBITRATION AND AWARD—MISCONDUCT OF ARBITRATORS.
    An award made by an arbitrator, or an umpire between two arbitrators, as to the amount of loss upon a stock of goods damaged by fire, without any examination of the goods themselves, but merely from bills, invoice books, and inventories, is invalid.

2. SAME.
    An award made by an arbitrator not upon his own judgment or by reason of any investigation which he has made, but solely at the direction of one of the parties, is invalid.

3. SAME—VACATING AWARD.
    Code Civil Proc. Mont. §§ 459–468, which provide for submitting causes to arbitration, regulates the conduct of arbitrators, and provides for vacating the award by

motion upon grounds specified therein, do not apply to a submission and award which is not made a record of the court.

**4. SAME—JURISDICTION IN EQUITY.**

But, even if the Montana statute does apply to such a case, it cannot deprive the federal courts of any jurisdiction which they may have under the judiciary act of 1879 to entertain a bill in equity to set aside the award, since the statute was passed after the judiciary act.

**5. SAME—ACTION ON AWARD.**

In an action at law upon an award, no defense can be made upon the merits of the award, but only upon matters affecting the jurisdiction of the arbitrators; and, as a legal defense would not be an adequate remedy where misconduct in making the award is charged, a court of equity would have jurisdiction of a bill to set it aside.

**6. EQUITY—PLEADING—MULTIFARIOUSNESS.**

Where a number of insurances companies, affected by a loss, join in submitting to arbitration the question of the amount of damage, and a single award is made, a single bill brought by all the companies as parties plaintiff to set aside the award is not multifarious.

**7. COURTS—JURISDICTIONAL AMOUNT.**

Where it appears from the bill that the amount of insurance given by each of the plaintiffs exceeded $2,000, and there is nothing to show that the loss was to be apportioned *pro rata* to the amount of each policy, the court cannot presume that such was the case, and has jurisdiction as to each plaintiff, even though the total insurance exceeds the loss fixed by the award, since the insured might select certain of the policies, and sue upon them for their full value.

In Equity. On demurrer to bill, and motion for injunction.

*Haggin & Van Ness*, (*Geo. C. Gorham, Jr.*, of counsel,) for complainants.

*Forbis & Forbis*, (*M. Kirkpatrick*, of counsel,) for defendant.

KNOWLES, J. The plaintiffs, being 17 insurance companies, have presented to this court their bill of complaint in equity, and, among other prayers, ask for an injunction enjoining defendant from commencing or prosecuting any actions at law against plaintiffs by reason of an award hereinafter described, or in any manner taking any steps to enforce any claim under, or by virtue of, or based upon said award, pending this action, and that, upon a final hearing, said award be vacated and annulled, and the preliminary injunction be made perpetual. It appears from plaintiffs' bill that plaintiffs severally, with other insurance companies, insured certain property of defendant against loss by fire, or damage on account thereof. That there was a loss of and damage to said property on account of a fire which occurred in the vicinity of the place where the same was situated. That, as to the amount and extent of this loss, there was a dispute between plaintiffs and defendant. With a view of settling this dispute, plaintiffs and defendant entered into an agreement to submit the same to arbitration. That in this agreement it was provided plaintiffs should select one person to act as arbitrator, the defendant a second person to act as such, and that these two should select a third who should act as umpire, and decide between the other two in matters of difference only, and that the said three persons, or any two of them, should a true return and award make under oath of the sound value, and loss and damage, or loss or damage of or to said property. That in pursuance of said agreement the plaintiffs appointed one Joseph P. Treanor. The defendent, one G. E. Rockwood, and these two elected as umpire one Theodore Schurmeier. It is further set forth

in the bill that the said Rockwood and Schurmeier signed an award of the value of the loss and damage to said property, of $60,624.73. That in making said award, and in acting as an arbitrator, the said Rockwood and the said Schurmeier were guilty of such misconduct as would avoid and render null and void said award, in this: (1) That they estimated the loss and damage to said property largely in excess of the actual loss and damage to the same. (2) That the said Rockwood did not act upon his own judgment or by reason of any investigation or examination made by him, but under the direction and in the interest of defendant, and that he agreed to the award and final making of the same under the direction and at the instigation and in the interest of defendant. (3) That said Schurmeier did not act with either of the other arbitrators in estimating the loss or damage to the property injured, and that he did not act with the other arbitrators, but by himself, in making his estimates, and that he did not in fact examine the property damaged, but waited until the other two had completed their examination, and, having obtained their separate estimates of damage and loss, separated himself from said other two arbitrators, and each of them, and by himself, and without the advice, counsel, or assistance of such other arbitrators or either of them, proceeded to determine arbitrarily, and without examination of said damaged property, the loss and damage to the same; that in arriving at the value of said loss and damage he procured from defendant its bills, invoice books, and inventories, and in the absence of his co-arbitrators, and the representatives of plaintiffs and defendant, and other insurers, arbitrarily and unjustly fixed and determined the amount of loss and damage to said property. (4) That the said Rockwood and Schurmeier did not fully examine into the matter of said loss and damage, and did not take into consideration the age, location, or condition of said damaged property at the time of said fire, and did not make proper or any deductions for depreciation, or of property saved, and did not find the damage to be the sum awarded by them. The allegations amount to about this: Rockwood acted under the direction of defendant, and not as an arbitrator, nor upon his own judgment, and upon his own investigation; Schurmeier did not make up his own estimate from an examination of the property injured; and did not act with the other arbitrators, but by himself, in making his estimates. And, lastly, that the award was not what the said Rockwood and Schurmeier found was the damage or loss to said property on account of said fire. The defendant demurred to the bill of complaint on grounds, in substance, as follows: (1) That the bill did not contain any matter of equity whereon this court can ground any decree, or give to plaintiffs any relief against defendant; (2) that there appears in said bill that there is a misjoinder of plaintiffs; (3) that it appears from the bill that the plaintiffs have a complete and adequate remedy at law, and that this court has no jurisdiction of the cause; (4) that the bill contains not any matter of equity wherein to sustain such writ of injunction as is sought and prayed for in and by said bill. The demurrer admits all the allegations of the bill well pleaded to be true, and hence all the above

facts must be taken as true in considering the demurrer and motion before it.    An award made by arbitrators may be set aside and declared null and void when it clearly appears that the arbitrators who signed the award were guilty of misconduct, partiality, or fraud.    *Sullivan* v. *Frink*, 3 Iowa, 66; 1 Amer. & Eng. Enc. Law, tit. "Arbitration," p. 707, and cases cited.    Does the bill show such a misconduct on the part of the ,arbitrators or either of them as would justify a court in setting aside their award?    If Rockwood acted as alleged under the direction of the defendant, and signed the award under its direction, and did not act upon his own judgment, or by reason of any investigation he had made, then he cannot be said to have acted as an arbitrator in the case at all, but as the mouth-piece of defendant.    It has been decided that, when an arbitrator makes up his award on account of any private conversation with one of the parties to the cause to be arbitrated, it should avoid his award.    *Moshier* v. *Shear*, 102 Ill. 169.    Much more should it avoid his award when he acts, not upon his own volition and investigation, but under the direction of one of the parties.  · The facts alleged show such misconduct on the part of Rockwood as should render void any award he made.  · If Schurmeier did not examine the damaged goods, but procured the separate estimates of each of the other arbitrators, and then obtained the bills, invoice books, and inventories of defendant, and made up his estimate of damage and loss from these, he was guilty of misconduct which should avoid his award.    It is evident from what appears in the bill that it was intended the arbitrators should make a personal examination of the damaged property.    At all events, they should take some evidence upon this subject such as would qualify them to form some just estimate of the damage sustained.    In this case it was not contemplated that they were to act without evidence.    How could Schurmeier tell which was right in his estimate of damage without some evidence bearing upon the issue presented.    He does not seem to have consulted either of the other arbitrators.    Bills, invoice books, and inventories would not seem to be proper evidence alone upon which to base an estimate of the damages or loss to the property on account of the fire. When an arbitrator acts without sufficient evidence, or without a full hearing, or any hearing, of a case submitted to him, his award is void for misconduct.    *Halstead* v. *Seaman*, 82 N. Y. 27; *Fudickar* v. *Insurance Co.*, 62 N. Y. 405; *Alexander* v. *Cunningham*, 111 Ill. 511; *Day* v. *Hammond*, 57 N. Y. 479; *Ingraham* v. *Whitmore*, 75 Ill. 24; *Van Cortlandt* v.\ *Underhill*, 17 Johns. 405.    There allegations in the bill show that Schurmeier acted without consulting the other arbitrators, but alone.    If he was what is called a "third arbitrator," this was misconduct.    *Haven* v. *Winnisimmet Co.*, 11 Allen, 377.  · If he was an umpire, as distinguished from a third arbitrator, it was proper for him to act alone, and make up his decision alone.    *Underhill* v. *Van Cortlandt*, 2 Johns. Ch. 339; *Ingraham* v. *Whitmore*, 75 Ill. 24.    The allegations in the bill are:

"That the amount of loss and damage to said property, [that is, the property of defendant,] by reason·of said fire, should be estimated, appraised, and determined· in detail by G. E. Rockwood and Joseph P. Treanor, together with

a third person, to be mutually selected and appointed by said Rockwood and Treanor, who should act as umpire to decide between them, the said Rockwood and Treanor, in matters of difference only, and that the said three persons, or any two of them, should a true return and award make under oath."

Perhaps an examination of the agreement of submission would make this matter more clear. I am inclined to hold that, under the allegations of the bill, Schurmeier should be considered as an umpire, and not as a third arbitrator. If he was to decide between them in matters of difference, neither of the others could take any part in his deliberations. He was to decide between them, not with them; and he would certainly be required to arrive at his conclusions alone. There is only one thing that seems contrary to the view that he was an umpire and not a third arbitrator, and that is that one or both of the other arbitrators was or were to sign the award with him. An umpire, properly such, signs his award alone.

Has this court, sitting as a court of chancery, jurisdiction to determine the issue presented in the bill?—that is, the jurisdiction, as such court, to set aside the award of the arbitrators for the above misconduct? The plaintiffs are not citizens of Montana. The defendant is a citizen thereof. This sufficiently appears in the bill. This is sufficient to give the court jurisdiction if it has jurisdiction of the subject-matter of the action. If the plaintiffs have a plain and adequate remedy at law, this court, as a court of chancery, has no jurisdiction of this case. *Thompson* v. *Railroad Cos.*, 6 Wall. 134. The jurisdiction of a court of equity to set aside and cancel awards was settled at an early day. 2 Pom. Eq. Jur. § 919. And formerly such relief could be obtained only in a court of equity. *Emmet* v. *Hoyt*, 17 Wend. 410; *Underhill* v. *Van Cortlandt*, 2 Johns. Ch. 366; *Burchell* v. *Marsh*, 17 How. 344; *Doke* v. *James*, 4 N. Y. 568. The statutes of Montana (Code Civil Proc. §§ 459–468) provide for submitting causes to arbitration, and regulates in some particulars the conduct of the arbitrators, and provides for vacating on motions, awards upon grounds stated in the statute. If this action was in a state court, it might be urged that under the statute there was a plain and adequate remedy at law, and that there was no need of resorting to a court of chancery. It may be true, however, that the setting aside of an award on motion is confined to those cases in which the submission is a rule of court, and a judgment may be entered upon the award. This was the case under the statute of Wm. III., (see *Emmet* v. *Hoyt*, 17 Wend. *supra*,) and there is much in the statute of Montana to indicate that the setting aside of awards should be confined to cases where the submission is made a record of the court. See, also, *Burroughs* v. *David*, 7 Iowa, 155. In this case the submission was not made a record of the court, and it is doubtful if it is of that class of awards which it is contemplated by the statute should be made a record of court. It is then an arbitration according to common-law rules, and not governed by the statute. But, if it was, this statute could not take away the equity jurisdiction of this court, having been passed since the grant of jurisdiction to the courts of the United States made by the judiciary act of 1879. *Mc-*

*Conihay* v. *Wright*, 121 U. S. 201, 7 Sup. Ct. Rep. 940. Generally, it may be said, state statutes cannot affect the equity jurisdiction of the United States courts.

It is true, as is claimed by the defendant, that the plaintiffs could have set up, in an answer or counter-claim, in an action in the state courts, the fact set up in their bill of complaint herein. But this would not be a "legal defense," as I understand that term. It would be an equitable defense to an action at law, which is permitted under the Civil Code. In the case of *Day* v. *Hammond*, 57 N. Y. 479, it is held that under the statute the application to set aside an award is an appeal to the equitable powers of the court. Several cases have been cited to the effect that, where arbitrators fail to give notice of the time and place of hearing before them, the award made by them is absolutely void, and that these facts may be set up in defense to an action at law upon the award. *Elmendorf* v. *Harris*, 23 Wend. 628; *Curtis* v. *Sacramento*, 64 Cal. 102–106; *Emery* v. *Owings*, 48 Amer. Dec. 580; and others cited by defendant. In these cases the want of this notice is treated as something akin to a want of service on a defendant in an action at law. It is considered that the arbitrators have no jurisdiction in such a case to hear and determine the cause submitted to them, and that as a want of jurisdiction is good as a defense to a judgment at law, so is this plea of a want of notice a good defense to an action upon an award. The courts, however, make a distinction between an award which is absolutely void, and one which is only voidable. Where the arbitrators are guilty of misconduct which does not affect what may be called their "jurisdiction," and which does not appear upon the face of the award, then, prior to the statutes above named, the award could be set aside only in a court in equity upon a proper bill. *Truesdale* v. *Straw*, 58 N. H. 207; 2 Story, Eq. Jur. § 1452. In *Hamilton* v. *Cummings*, 1 Johns. Ch. 517, Chancellor KENT held that "a bill in chancery will be entertained when the instrument sought to be set aside is liable to abuse from its negotiable nature, or because the defense not arising on its face may be difficult or uncertain at law, or from some other circumstance peculiar to the case, and rendering a resort here"—that is, to a court of equity—"highly proper." In this case the allegations of misconduct do not go to the jurisdiction to hear the dispute, and it does not appear that the misconduct appears on the face of the award. It is also alleged that defendant threatens to commence an action on the award. And I am satisfied that this misconduct could not be set up in defense to an action at law in any United States district or circuit court. In the case of *Insurance Co.* v. *Stanchfield*, 1 Dill. 425, the United States circuit court of the eighth circuit say that the misrepresentations and fraud complained of were a good defense to an action at law on the policy, and available as such to the company; "and, again, the company has a full, plain, and perfect defense to the policy at law, and no reason is shown why a resort to equity is either necessary, expedient, or proper." In that case the allegations in the bill were that the policies of insurance sought to be canceled were obtained from the insurance company by fraudulent representations. Such a defense would

have been a good defense to any action at law upon those policies.     Fraud in procuring an instrument can always be set up as a legal defense to any action on the same.     *Smith* v. *McIver*, 9 Wheat. 532.     In this case I have shown that the misconduct complained of could not be set up as a legal defense to an action at law on the award, and hence that the plaintiffs had no plain and perfect defense at law to the award; and hence that case cannot be a guide in this action.

I cannot see from the allegations in plaintiffs' bill, which are admitted, what equities the defendant has which should require of the plaintiffs a performance thereof before they should be awarded the relief they ask. There may appear equities of defendant which should be allowed before this suit is terminated, but I can see none now.     The plaintiffs in their reply brief cite many authorities to the effect that, if the award was obtained by the fraud of defendant, it has no equities in this case.     If fraud is claimed on the part of the defendant, I do not think the facts constituting the fraud are set forth with sufficient clearness to entitle them to any relief on this ground.     The facts constituting fraud should always be fully set forth.     *Goodwin* v. *Goodwin*, 59 Cal. 560.

The award in the case was the result of a joint submission made by all the plaintiffs in company with other insurance companies and defendant.     The award is one instrument.     Each of the plaintiffs is interested in the award, and is interested in the question of its cancellation.     Hence, I think the bill cannot be said to be multifarious.     The plaintiffs have a common interest in the suit.     Story, Eq. Pl. §§ 537, 537*a*.     It does not appear from the bill whether each one of the plaintiffs would be liable to defendant for the full amount it insured the property of defendant on this award; that is, it does not appear but the defendant might sue and recover of each one of the plaintiffs on this award, the full amount of the sum such plaintiff insured defendant's property.     It appears from the bill that the insurance given on the property of defendant by each plaintiff exceeds $2,000.     It is true that it shows that the amount of all the insurance policies on this property exceeds the amount of the loss specified in the award.     The defendant cannot recover certainly more than the amount of the award; but, unless there is some provision in the policies that defendant can recover, where the insurance exceeds the amount of the loss, only a *pro rata* sum of each insurer, it might select certain of the plaintiffs, and sue each for the full amount of insurance it gave.     *Cromie* v. *Insurance Co.*, 15 B. Mon. 432.     If it should turn out, however, that the conditions of the policies given by each plaintiff provided that, where there was a loss less than the full amount of the insurance, then each plaintiff would be liable only for a *pro rata* sum proportioned to the loss and damage, and the full amount of insurance, then it may appear that some of the plaintiffs are not interested to the amount of $2,000 in having the award canceled; and then the question would arise as to the jurisdiction of this court to try this cause as to such plaintiff.     The point presented in some of its aspects would be similar to that decided in the case of *Hawley* v. *U. S.*, 108 U. S. 549, 2 Sup. Ct. Rep. 846, and *Seaver* v. *Bigelows*, 5 Wall. 208.     I do

not think the court can go beyond the pleadings and find even from statements of counsel, or presume that the insurance policies given defendant by plaintiffs had a *pro rata* clause therein.    This court, then, up to this time, it would appear, has jurisdiction to try this cause as to all. the plaintiffs.    It was not necessary to make the arbitrators parties to this action.    Arbitrators constitute a tribunal selected by the contending parties which in its nature is judicial.    Most of the cases treat an award in the nature of a judgment, and I cannot see why there is any more reason for making the arbitrators parties to this suit than there would be in making a court a party to an action to set aside its judgment.    The demurrer of defendant is overruled, and the motion of the plaintiffs for an injunction pending this action will be granted until the further order of this court.    Before issuing the injunction, the plaintiffs must execute to defendant, with two or more sufficient sureties, a good and sufficient bond, to be approved by this court, or a judge thereof, to secure the defendant against any loss or damage on account of the issuing of said injunction, in the sum of $75,000.