PAUL W. MAW, Respondent, v. F. W. KITZMAN, Appellant.

(214 N. W. 273.)

**Appeal and error — order vacating award — trial de novo.**

1. An appeal from an order vacating an award does not bring the controversy into the appellate court for trial de novo.

**Arbitration and award — a valid award must be complete.**

2. An award to be valid must be complete and final as to all matters embraced in the submission and, where it appears that the award is not sufficient under the terms of the agreement of submission and is too indefinite to afford a basis for a judgment, it may properly be vacated under § 8334, Compiled Laws of 1913.

Opinion filed June 11, 1927.

Appeal and Error, 4 C. J. § 2646 p. 726 n. 15. Arbitration and Award, 5 C. J. § 333 p. 139 n. 11; § 341 p. 143 n. 40; § 358 p. 148 n. 89.

Appeal from the District Court of Pierce County, *Burr,* J.
Affirmed.

*John D. Scherer,* and *Halvor L. Halvorson,* for appellant.
*Paul Campbell,* for respondent.

Annotation.—(2) On duty of arbitrators to determine all matters in controversy submitted to arbitration, see 12 R. C. L. 382; 1 R. C. L. Supp. 517.

MOELLRING, Dist. J.   This is an appeal by the defendant from an order vacating and setting aside an award made under arbitration proceedings.   The agreement to arbitrate is in writing, and was entered into by the parties on the 9th day of March, 1926.   That part of the arbitration agreement, material for our consideration, is in the following language:

"This agreement, made and entered into by and between William F. Kitzman, hereinafter called the party of the first part, and Paul Maw, hereinafter called the party of the second part, both of the city of Willow City, in the county of Bottineau, and state of North Dakota,

Witnesseth:   That whereas on or about the 24th day of March, 1921, the parties hereto entered into a partnership relation pertaining to the conducting of a pool room and confectionery business at the said city of Willow City, which said business was conducted in that certain brick building located on lots six and seven of block seven of the original townsite of Willow City, North Dakota.

And whereas there now exists a difference of opinion in the minds of the parties hereto as to what constituted the said partnership agreement and as to whether or not the said partnership relation is in existence at the present time or has been heretofore by agreement terminated and as to what the firm's liabilities now amount to and as to what constitutes the firm's assets and the present value thereof and as to what each partner is owing the other and as to what the firm is owing each partner.

Now, therefore, in consideration of the premises hereinbefore recited and in further consideration of the promise each to the other the parties hereto hereby agree to submit all of the matters in difference herein above expressed and all matters growing out of said partnership relation or pertaining thereto to a board of arbitrators to be by them settled and determined and both of the parties hereto expressly agree to be bound by the award found and returned by said arbitrators.

It is agreed that said board of arbitrators shall consist of three persons selected as follows to wit:   Said first party shall choose one, said second party shall choose one and the parties hereto shall agree upon the third.

It is further agreed that said board of arbitrators shall convene at ten o'clock in the forenoon of the tenth day of March nineteen twenty

six, for the purpose of examining the records and papers appertaining to said partnership matter and that said meeting may be adjourned from time to time until all matters pertaining to said partnership has been by said board fully determined.

In case the said board of arbitrators shall find that the said partnership relation is at the time of the returning of said award in existence they are hereby authorized to consider the said partnership relation as terminated on the ninth day of March nineteen hundred and twenty six and shall so find.

It is further agreed that the judge of the district court of the second judicial district within and for the county of Bottineau and state of North Dakota shall and he is hereby given full power and authority to enter judgment between the parties hereto fixing and determining their relation in all things pertaining to said partnership matter as the same is evidenced by the said award.

And it is further agreed that such judgment may be entered at any time upon the motion of either party hereto without further notice to the other party each of said parties hereby expressly waiving their right to notice of said motion as provided by statute, provided, however, that said motion be made within one year from the date of the said award."

In pursuance of the agreement, three arbitrators were selected, they took the required oath, and entered upon their duties on March 10, 1926. On the following day an award in writing was made by the arbitrators. The awarding part of the latter instrument reads as follows:

"That on or about the 24th day of March, 1921, for the purpose of conducting a pool room and confectionary business at Willow City, North Dakota, the said F. W. Kitzman and Paul Maw, entered into the following agreement to wit: That the said F. W. Kitzman was to and did furnish the credit rating for the firm and the said Paul Maw was to and did manage and conduct said business and was to and did receive therefor his board, room, washing and clothes, estimated at $35 per month with the understanding that when the firm had repaid to the said F. W. Kitzman all moneys advanced by him to said firm and all debts of said firm relating to the stock, furniture and fixtures had been paid in full then the said F. W. Kitzman and Paul Maw were to have an equal

interest in said property and each should pay one half of the liabilities and receive one half of the profits.

That the said partnership was by agreement had on the 15th day of February, 1926, terminated.

That on the day herein last mentioned said firm's liabilities to general creditors amounted to $1,409.51.

That on said day said firm's assets were of the estimated and agreed value of $2,929.20.

That on said day said firm was indebted to the said F. W. Kitzman in the sum of $2,052.03.

That on said day said firm owed the said Paul Maw nothing.

That on said day said firm's liabilities amounted to $532.34, more than its assets amounted to."

No judgment was entered on the award, and on October 20, 1926, and upon proper notice, plaintiff presented a motion in district court to vacate and set aside the award under § 8334, N. D. Comp. Laws, 1913, alleging irregularities in the arbitration proceedings, and irregularities and insufficiency of the award itself. The court granted the motion, and the award was vacated. The order vacating it does not state the specific ground or grounds upon which it is based. The question befor this court is whether the trial court erred in setting aside the award. The appellant in his specifications of error, also requests a trial de novo in this court. However, we do not have such authority, and can review only questions of law presented by the record. Hackney v. Adam, 20 N. D. 130, 127 N. W. 519.

We are of the opinion that the order must be sustained, for the reasons that the award itself is not sufficient under the terms of the agreement of submission, and is too indefinite upon which to base a judgment, either under the statute or at common law. We need not consider the other grounds urged by plaintiff for setting aside the award.

Some of the matters to be arbitrated are, in the language of the contract: "What the firm's liabilities *now* amount to and as to *what constitutes* the firm's assets and the *present value* thereof and as to what each partner is owing the other and as to what the firm is owing each partner."

The award does not attempt to determine what constituted the firm's assets, and in that particular does not conform to the terms of the agree-

ment. Furthermore, it does not determine what indebtedness existed between the partners, or if any existed. Moreover, the award finds the value of the assets, the liabilities of the firm, and the indebtedness that existed between the firm and the partners, as of the 15th day of February, 1926, instead of at the time of the arbitration in March, as contemplated by the agreement.

It is well settled that an award, to be valid, must be complete and final as to all matters covered in the submission; and as to the particular matters or things involved, there must be such finality as will prevent litigation, present or future. Hartford F. Ins. Co. v. Bonner Mercantile Co. 11 L.R.A. 623, 44 Fed. 151; Coghill v. Hord, 1 Dana, 350, 25 Am. Dec. 148; Whitcher v. Whitcher, 6 Am. Rep. 486, and note (49 N. H. 176); Blackledge v. Simpson, 3 N. C. (2 Hayw.) 30, 2 Am. Dec. 614; Frederick v. Margwarth, 221 Pa. 418, 18 L.R.A.(N.S.) 1246, 70 Atl. 797; see note in 47 L.R.A.(N.S.) 338; Cummington Realty Associates v. Whitten, 239 Mass. 313, 17 A.L.R. 527, 132 N. E. 53.

It is plain that the award is not legally sufficient measured by the arbitration contract. In fact it does not finally determine the points in controversy. A judgment entered thereon would leave open for determination, and perhaps litigation, what constituted the assets of the firm; and also all indebtednesses existing between the partnership and the partners, or third parties, or as between the partners themselves, for the period between February 15th and the date of submission, March 9, 1926.

For the reasons indicated, the order of the District Court must be affirmed, with costs on the appeal to respondent.

BIRDZELL, Ch., J., and CHRISTIANSON, NUESSLE and BURKE, JJ., concur.

BURR, J., being disqualified, did not participate; Honorable GEO. H. MOELLRING, Judge of Fifth Judicial District, sitting in his stead.