## White's Appeal.

Where the parties to a suit in equity, after issue joined, and pending a reference to an examiner, file an agreement to submit the controversy to the final decision of arbitrators, and in consequence of such agreement the court, at the request of the parties, vacates the appointment of the examiner, the agreement of reference is virtually made a rule of court, and becomes irrevocable.

January 22d, 1885. Before MERCUR, C. J., PAXSON, TRUNKEY, STERRETT, GREEN and CLARK JJ. GORDON J., absent.

APPEAL from the Court of Common Pleas No. 3, of *Philadelphia county:* Of January Term, 1884, No. 397.

Bill in equity, by Alexander M. White, for John Hill, his assignee, against John F. Davis. After answer and replication filed, an examiner was appointed to take testimony. The parties then filed an agreement in writing to submit the matters in controversy to arbitrators, whose award, when filed, should be final. Pending this reference the plaintiff obtained a rule to show cause why the reference to arbitrators should not be set aside, which rule the court discharged. Plaintiff then filed a formal revocation of the agreement to submit to arbitrators and gave notice thereof to the arbitrators and to defendant. The arbitrators subsequently filed an award in favor of defendant. Plaintiff took a rule to strike off the agreement of submission and the award, which rule the court discharged, and entered a decree confirming the award.

Plaintiff then took this appeal, assigning for error the discharge of said rule and the decree.

*James M. West,* (*J. Rich Grier* with him), for the appellant. A voluntary agreement of reference to arbitrators is revocable by either party at any time prior to the decision of the arbitrators.

*John L. Kinsey,* for the appellee.

The opinion of the court was filed February 2d, 1885.

PER CURIAM. This was an agreement of reference in a pending suit. It was after an examiner had been appointed. The referees were to be judges both of the law and the facts. Their decision was to be final and conclusive, and both parties expressly renounced the right to except thereto or to take a writ of error or appeal. Relying on this submission, the court was asked to vacate the appointment of examiners. On being

assured that the agreement had been duly executed and filed, the court complied with the request. The case then is not a bare agreement to refer. It was founded on a new consideration and valuable rights were relinquished. The reference was assented to by the court when made, and the award was ratified and approved by the court. The submission was substantially made a rule of court. The appellant so treated it by applying there to have it revoked. Under all the facts we think it was then irrevocable; besides, the evidence is not properly before us: Shisler *v.* Keavy, 25 P. F. S., 79; McGheehan *v.* Duffield, 5 Barr, 500; Lewis' Appeal, 10 Norris, 359; Rogers *v.* Playford, 2 Jones, 181.

Decree affirmed and appeal dismissed at the cost of the appellants.