## Francis I. Gowen, Appellant, *v.* Isaac K. Pierson.

[Marked to be reported.]

*Arbitration— Suit on award—Building contract.*

Where' a building contract provides that two arbitrators named therein shall determine all questions arising under the contract, and that no action shall be sustained by either party until the arbitrators shall have certified that there is a cause of action, one of the parties, who has been properly notified of the time and place of meeting of the arbitrators to hear and consider matters in dispute, cannot, after failing to appear before the arbitrators, raise questions which he might have presented to the arbitrators, or re-open, in an action on the award, questions upon which they were authorized to pass, and did in fact determine in making up their award.

Where parties to an executory contract agree that all disputes, arising in relation thereto, shall be first submitted to the arbitrament of one or more persons named, they are bound by the terms of the submission, and cannot seek redress elsewhere until the person or persons so chosen have been discharged by having made an award, or otherwise.

Argued Jan. 9, 1895. Appeal, No. 479, Jan. T., 1894, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1893, No. 37, discharging a rule for judgment for want of sufficient affidavit of defence. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit on award of arbitrators.

The award was as follows:

" The undersigned, constituting the firm of Cope & Stewardson, architects, of the city of Philadelphia, the firm named and designated in the accompanying contract of March 28th,

1888, between Isaac K. Pierson, of Mt. Airy, Philadelphia, carpenter and builder, of the one part, and Francis I. Gowen, of the same place, attorney at law, of the other part, as arbitrators to determine all questions arising under the said contract, do hereby certify that having been advised by said Francis I. Gowen, that dispute had arisen between him and the said Isaac K. Pierson, as to certain questions arising under said contract, and having been requested by him to proceed to arbitrate and determine the same, they appointed Dec. 5, 1889, at 3 P. M., for the hearing the said parties and gave notice in writing of said meeting to said Isaac K. Pierson.

" That on the said day Francis I. Gowen attended, but neither said Pierson nor any one on his behalf. · That they thereupon adjourned the said hearing to Dec. 13, 1889, at 3 P. M., and gave notice in writing, of said adjournment, to said Pierson. That on the day last named they were attended by said Francis I. Gowen, but neither said Pierson nor any one on his behalf attended, and that thereupon they proceeded to hear the allegations and evidence of the said Francis I. Gowen, he having been first duly sworn.

" That having heard and duly considered the testimony of said Francis I. Gowen, and having also duly considered the claim of said Isaac K. Pierson, so far as the same is shown by a certain bill for work done by him and rendered by said Pierson to said Gowen and by the latter submitted to us, we, the said arbitrators do certify and find that there is a valid cause of action by the said Francis I. Gowen against the said Isaac K. Pierson, owing to a breach of said contract by the said Isaac K. Pierson, and further certify and find the amount due by the said Isaac K. Pierson to the said Francis I. Gowen in respect of such breach to be the sum named of $1,320.55."

The arbitration clause of the contract, providing for a certificate by the architects, is quoted in the opinion of the Supreme Court.

The affidavit of defence was as follows:

" 1. The contract set forth in the statement of plaintiff's claim, as being made between plaintiff and defendant, was fully performed and executed by the parties thereto, the defendant having performed all of the conditions thereof on his part, and the plaintiff on his part having paid him in full all the sums

mentioned in said contract, to wit, the sum of $12,153, for the several items mentioned therein.

" 2. Said plaintiff on or about March 28, 1888, employed the said defendant to do and perform certain extra work and labor, and furnish certain extra material to enter into the construction of said house in addition to that theretofore furnished and done, amounting to the sum of $4,455.13½, all of which work and labor was done and materials furnished as aforesaid by defendant to plaintiff. That of this sum the sum of $4,162.36 has been paid to defendant, leaving a balance of $292.77 still due and justly owing from the plaintiff to the defendant, and he will ask for a certificate therefor.

" 3. The alleged award annexed to the statement of plaintiff's claim does not entitle plaintiff to recover thereon, because :

" (*a*) There is nothing to show that the arbitrators had jurisdiction of the matter submitted.

" (*b*) The payment of the entire contract price, together with the sum allowed for extra work, was in full performance of the contract and a waiver of the arbitration clause on the part of the plaintiff.

" (*c*) The said award does not state that all matters in controversy were submitted or determined.

" (*d*) The award does not allege any specific cause of action, or any breach of any particular part or covenant of the contract which appears to have been the subject of said award.

" (*e*) The said award is otherwise vague, uncertain, indefinite, and is not in effect a statement under the act of 1887 requiring an affidavit of defence." ·

The court discharged a rule for judgment for want of a sufficient affidavit of defence. Plaintiff appealed.

*Error assigned* was above order.

*James E. Hood* and *George Tucker Bispham*, for appellant.— When an arbitrator makes an award pursuant to the submission, it is binding upon the parties both as to findings of law and of fact, and may not be reviewed for error : Assurance Co. v. Hocking, 115 Pa. 414; Snodgrass v. Gavit, 28 Pa. 221; Nav. Co. v. Fenlon, 4 W. & S. 205; Reynolds v. Caldwell, 51 Pa. 298; O'Reilly v. Kerns, 52 Pa. 214; Connor v. Simpson, 104

Pa. 440; Brown v. Decker, 142 Pa. 640; Hartupee v. Pittsburg, 97 Pa. 108; Howard v. R. R., 69 Pa. 489; McGheehen v. Duffield, 5 Pa. 497; Irwin v. Schultz, 46 Pa. 74; Quigley v. DeHaas, 82 Pa. 267; Hostetter v. Pittsburg, 107 Pa. 419; Robinson-Rea Co. v. Mellon, 139 Pa. 257; Kennedy v. Poor, 151 Pa. 472; Scott v. Avery, 5 H. of L. 811.

Awards have been frequently said to be favorites of the law, and as the arbitrators are usually laymen, they have not been held to any particular method or form. If they appear to have followed the terms of the submission and to have given final decision on everything brought before them, their award will suffice: Brown v. Cooper, 7 Watts, 311; McManus v. McCulloch, 6 Watts, 360; Dickerson v. Rorke, 30 Pa. 390; Robinson v. Bickley, 30 Pa. 384; Morse on Arb. 206.

To impeach an award made under a conditional submission, upon the ground that the award does not cover all matters submitted, the party must distinctly show that there were other matters submitted, on which express notice was given to the arbitrator, and that he omitted to decide them: Karthaus v. Ferrer, 1 Pet. 222.

Nothing but the decision of the arbitrators need be communicated: Morse on Arbitration, page 206.

Upon the principles laid down in cases under the procedure act of 1887, an affidavit of defence is necessary in this case to prevent judgment. The statement discloses a complete cause of action arising ex contractu, and all the elements for the liquidation of the damages are furnished: Byrne v. Hayden, 124 Pa. 170; Barr v. McGary, 131 Pa. 406; Jones v. Gordon, 124 Pa. 263; Heller v. Ins. Co., 151 Pa. 101; Osborn v. Bank, 154 Pa. 134. See also Bayard v. Gilasspy, 1 Miles, 256.

The clause commonly inserted in agreements of this kind, that the award should be "final, conclusive and binding upon the parties," is not necessary: Speer v. Bidwell, 44 Pa. 23; Bowen v. Cooper, 7 Watts, 312; Stewart v. Cass, 16 Vt. 663; Valentine v. Valentine, 2 Barb. 437.

*Charles A. Chase, Charles C. Lister* with him, for appellee.— The right to trial by jury will not be taken away by implication merely, in any case. It must appear in all cases that the parties have agreed to dispense with it: Lauman v. Young, 31 Pa. 306.

An award at common law must be certain and final, disposing wholly of the controversy which properly forms the subject of the reference, otherwise it cannot be enforced: Conner v. Simpson, 104 Pa. 440; Hamilton v. Hart, 125 Pa. 142.

The affidavit filed is as certain and concise as the nature of the case will permit.

As plaintiff does not allege the facts which it is necessary for him to prove in order that he should be entitled to a verdict, his statement does not come within the affidavit of defence law: Rex v. Fisher, 6 W. N. 558; McCullough.v. Boyd, 120 Pa. 552.

There is no provision in this contract that the arbitrators shall pass upon extra work, or additional or independent contracts entered into between plaintiff and defendant.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 28, 1895:

This action is on an award of arbitrators who were chosen by the parties to this suit in the concluding clause of a building contract executed by them on March 28, 1888. Said contract, and the award made in pursuance of the arbitration clause thereof, are fully recited in plaintiff's statement of claim. After providing for the erection of the house therein mentioned, etc., " according to and in all respects conforming with the plans and specifications prepared by Cope & Stewardson, architects," the contract expressly provides that any variations thereof, " made at the request of the party of the second part, will be executed by the party of the first part without additional charge, unless there is a written agreement entered into by the parties hereto upon the subject of such variations;" and then concludes with the said arbitration clause, thus: " The above named architects, Cope & Stewardson, are hereby made arbitrators to determine all questions arising under this contract, and no action shall be sustained by either party hereto for any alleged breach of the same until said arbitrators shall have certified that there is a cause of action, and if they shall certify the amount due, in respect of such breach, then no action shall be maintained except for the amount or sum so certified. And it is further agreed that in case of the death of either of the architects above named, the survivor of them shall have and exercise all power and functions hereby given to them jointly."

Disputes having arisen between the parties as to certain matters pertaining to the building contract, the action of said arbitrators was duly invoked by the plaintiff. After notifying the defendant of the time and place of meeting, etc., they proceeded to hear and consider the matters in dispute, and thereupon found that there existed a valid cause of action on the part of the plaintiff against the defendant, owing to a breach of said contract by the latter, and further found and certified that there was due by him to plaintiff, in respect of said breach, the sum of $1,320.55. This action of the arbitrators is fully set forth in their award. It is also stated therein that the defendant, although duly notified of the time and place of meeting, adjourned meeting, etc., failed to appear before them in person or otherwise.

Plaintiff's statement, in clear, precise and specific terms, presents a complete cause of action ; and the only question is whether there is anything in defendant's affidavit that amounts to a valid defence. If there is, we have failed to discover it. Defendant does not deny that there were matters in dispute between himself and plaintiff in respect of the building contract; nor does he deny that after being duly notified of the meetings of the arbitrators, he stood aloof and refused to participate therein. No reason for this is even suggested, unless it be in the averment that he had received from plaintiff all that he was entitled to claim, except " a balance of $292.77 still due and justly owing from the plaintiff to the defendant," etc. This is no excuse for refusing to appear before the arbitrators and make such answer as he had to plaintiff's complaint. Having thus ignored the special tribunal which he assisted in creating and investing with full and exclusive authority, " to determine all questions arising under " the contract between plaintiff and himself, he is not in a position to raise questions which he might have presented to the arbitrators, or to re-open, in this action on their award, questions upon which they were authorized to pass and did in fact determine in making up their award. According to the terms of the submission, the arbitrators were to determine all questions arising under the building contract ; no action could be maintained by either party for any alleged breach of the contract until a cause of action was certified by the arbitrators, and if, as was done in this case,

they certified " the amount due in respect of such breach," then no action could be maintained "except for the amount or sum so certified."

The law applicable to such submissions and awards is well settled in a long line of cases, among which are: Monongahela Navigation Co. v. Fenlon, 4 W. & S. 205; Reynolds v. Caldwell, 51 Pa. 298; Hartupee v. Pittsburg, 97 Pa. 107; Hostetter v. Pittsburg, 107 Pa. 419; Commercial Assurance Co. v. Hocking, 115 Pa. 407, 414; Kennedy v. Poor, 151 Pa. 474.

In these, and other cases that might be cited, the law is definitively settled that where parties to an executory contract agree that all disputes, arising in relation thereto, shall be first submitted to the arbitrament of one or more named persons, they are bound by the terms of submission and cannot seek redress elsewhere until the person or persons so chosen have been discharged by having made an award, or otherwise; but where the agreement is to submit to one or more persons, to be afterwards agreed upon, the law is different. In Hartupee v. Pittsburg, supra, the plaintiff was nonsuited on the ground that his only remedy under the contract was on an award by the defendant's mechanical engineer who was final arbiter of any dispute under the contract in question, and no such award had been made.

We are satisfied that the affidavit of the defendant discloses no available defence and the rule for judgment should have been made absolute.

It is therefore ordered that the record be remitted to the court below, with directions to enter judgment against the defendant for the sum claimed by plaintiff, unless other legal or equitable cause be shown why said judgment should not be so entered.