# Frederick *v.* Margwarth, Appellant.

*Arbitration—Incomplete award—Continuance of the agreement.*

When an arbitrator has made and delivered his award, the special power conferred upon him ends; but his award must be final, complete and coextensive with the terms of the submission. If the arbitrator through a mistake fails to consider and decide a part of the dispute submitted to him, the award is invalid because incomplete; but the agreement is still in force and it is competent for him to finish his work by making a full and complete award.

Where an agreement to arbitrate is a part of a contract into which the parties have entered, neither party can revoke it without the consent of the other.

Argued April 14, 1908.   Appeal, No. 400, Jan. T., 1907, by defendants, from judgment of C. P. Luzerne Co., May T., 1905, No. 187, on verdict for plaintiff in case of S. Y. Frederick v. William H. Margwarth and Frank J. Margwarth, trading as Margwarth Bros.   Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ.   Affirmed.

Assumpsit on an award of arbitrators.   Before LYNCH, P. J.
The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff for $4,868.75.   Defendants appealed.

*Error assigned* was in refusing binding **instructions for defendants.**

*Richard B. Sheridan* and *Samuel Gustine Thompson*, with them *John T. Lenahan*, for appellants.—The rule of law is maintained with great unanimity that when an arbitrator has made, published and delivered his award his powers of arbitration are at end, and he becomes thereafter a stranger to the agreement. His powers being special, when he has once acted the submission is at an end so far as he is concerned: Robinson-Rea Mfg. Co. v. Mellon, 139 Pa. 257; Porter v. Scott, 7 Cal. 312; Thompson v. Mitchell, 35 Maine, 281; Lansdale v. Kendall, 4 Dana (Ky.), 613; Martin v. O'Neal, 2 Litt. 54;

Mand v. Patterson, 19 Ind. App. 619 ; Aldrich v. Jessiman, 8 N. H. 516 ; Smith v. Smith, 28 Ill. 56 ; Doke v. James, 4 N. Y. 568 ; Woodbury v. Northy, 3 Maine, 85 ; Ind. Cent. Ry. Co. v. Bradley, 7 Ind. 49 ; Butler v. Boyles, 29 Tenn. 154 ; Bayne v. Morris, 68 U. S. 97 ; Henfree v. Bromley, 6 East's Rep. 309 ; Johnson v. Andress, 5 Phila. 8 ; Erie v. Tracy, 2 Grant, 20 ; Brooke v. Bannon, 3 W. & S. 382.

*John H. Bigelow,* with him *C. W. Kline* and *James L. Lenahan,* for appellee.—The award rendered October 14, 1899, declared invalid and void because of sufficiency was, in contemplation of law, no settlement of the subject-matter of dispute : Hamilton v. Hart, 125 Pa. 142.

OPINION BY MR. JUSTICE FELL, May 18, 1908 :

This action was on the award of an arbitrator named in a building contract, and empowered to settle all disputes that might arise between the parties in relation to the contract or the building to be erected, to fix the allowance to be paid for improper materials or work, or for delay in completing the building, and to " decide any and every dispute " that might arise. A dispute arose and the arbitrator, after hearing the parties, made an award in the plaintiff's favor on which suit was brought. At the trial of that action it was claimed by the defendants that the award was invalid because not coextensive with the submission, and it appeared from the testimony of the arbitrator that he had failed to pass upon a number of disputed matters that had been submitted to him. The court directed a verdict for the defendants for the reason set out on the record, that the award was incomplete. The arbitrator subsequently gave the parties written notice of the time and place of a meeting when he would hear them as to all matters in dispute arising under the contract. At this meeting the plaintiff presented his claims ; the defendants refused to present any testimony, denied the authority of the arbitrator to act, and served on him a written notice of the revocation of his appointment. The arbitrator passed upon the disputed matters not before considered by him, and made the award on which this action is based.

The main contention of the appellant is that the arbitrator's

authority ended with the making of the first award. The rule undoubtedly is that when an arbitrator has made and delivered his award, the special power conferred upon him ends. But an award must be final, complete and coextensive with the terms of the submission. The arbitrator, through mistake, failed to consider and decide a part of the dispute submitted to him, and the award was invalid because incomplete. But the agreement was still in force, and it was competent for the arbitrator to finish his work by making a full and complete award : Hamilton v. Hart, 125 Pa. 142.

The agreement to refer was a part of the contract into which the parties entered, and the defendants could not withdraw from it : Kennedy v. Poor, 151 Pa. 472 ; Gowen v. Pierson, 166 Pa. 258 ; McCune v. Lytle, 197 Pa. 404. In the case last cited it was said by our Brother Brown : " If the agreement was a mere naked submission, either party could have revoked it before the award ; but if it had become a contract between them, it bound each as such, and could then be revoked only by mutual consent."

The judgment is affirmed.