## Beck v. Natale

*Paul N. Sandler,* for plaintiffs.
*James M. Schildt,* for defendants.

RUFE, *J.,* March 7, 1984—Plaintiffs filed the instant action to recover for personal injuries sustained as a result of a motor vehicle accident. On October 4, 1983 a jury returned a verdict on behalf of Karen Beck in the sum of $2,500. On November 17, 1983 a rule was granted upon the defendants to show cause why plaintiff's petition for delay damages under Pa.R.C.P. 238 should not be granted. Defendant responded to plaintiff's rule on December 2, 1983. On January 5, 1984, the undersigned denied plaintiff's petition for delay damages. The reasons for this denial follow.

On September 17, 1981, a complaint in trespass was filed in this action. A $2,500 written offer was extended to plaintiff on October 8, 1981. Plaintiff did not accept this settlement offer. On March 2, 1983, plaintiff was awarded $1,500 at arbitration. A $1,500 offer in writing was then extended to plaintiff. Plaintiff did not accept this verdict satisfaction offer either. In March of 1983 plaintiff and defendants appealed the arbitrator's award. Then, on October 4, 1983 the plaintiff, Karen Beck, was awarded $2,500 by a jury.

Plaintiff claims delay damages in the amount of $500. Plaintiff calculated this sum by utilizing Pa.R.C.P. 238.

Defendants claim that no delay damages are due on the award because a written offer of $2,500 was extended to plaintiff up to the date of arbitration. The arbitration award was $1,500. Defendants contend that the post-arbitration period should not be permitted to operate to prejudice the defendants under Pa.R.C.P. 238.

We agree with the defendants. Under Pa.R.C.P. 238(e):

If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by award, verdict or decision, exclusive of damages for delay, more than 125% of the offer, the court or arbitrators shall not award damages for delay for the period after the date the offer was made.

Under Bucks County local Rule 1301(a) all cases with an amount in controversy of $20,000 or less, excepting those involving title to real estate, are submitted to compulsory arbitration. Reading Pa.R.C.P. 238(e) in light of the requirement of compulsory arbitration in Bucks County, we find that the commencement of trial includes compulsory arbitration.

Although there is a dearth of case law in Pennsylvania on the subject of delay damages relating to compulsory arbitration, we find it was surely not the intent of the Pennsylvania legislature to prejudice defendants forced to proceed under compulsory arbitration with delay damage liability at a trial de novo where defendant's initial offer equals the jury's verdict.

It is well established that the courts of Pennsylvania embrace arbitration as a means of obtaining substantial justice without the attendant delays and uncertainties of the ordinary judicial process. Mendelson v. Shrager, 432 Pa. 383, 248 A.2d 234 (1968); Flightways Corp. v. Keystone Helicopter Corp., 459 Pa. 660, 331 A.2d 184 (1975). Therefore, we find that the commencement of trial under Pa.R.C.P. 238(e) embraces compulsory arbitration, and the fact that defendants extended a written offer of $2,500 up to the date of arbitration leads to the conclusion that no delay damages are recoverable at a trial de novo where the jury verdict was $2,500.