**TITUS & McCONOMY, Appellee,**

v.

**Hasan JALISI, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 5, 1998.

Filed June 2, 1998.

647

John T. Bender, Pittsburgh, for appellant.

David G. Oberdick, Pittsburgh, for appellee.

* Retired Justice assigned to Superior Court.

1. The provisions for submission, showing the intent of the parties, contemplate common law arbitration. No specific reference is made in the terms of submission to the Uniform Arbitration Act of 1980. P.L. 693, No. 142, § 501(a), 42 Pa.C.S.A. § 7301 et seq., and by their conduct the parties have not undertaken in any particular to follow the provisions of the Act. Therefore,

Before POPOVICH, STEVENS and MONTEMURO *, JJ.

POPOVICH, Judge:

The defendant/appellant, Hasan Jalisi, appeals the order compelling arbitration on the basis that the trial court erred in finding that his "uncounseled consent to arbitrate a fee dispute cannot be withdrawn[.]" We reverse.

■ The facts of record disclose that the appellant was provided legal services by the plaintiff/appellee, Titus & McConomy. The appellant disputed the legal fees and filed a complaint with the Special Fee Determination Committee of the Allegheny County Bar Association (ACBA) to resolve the matter. Thereafter, both parties executed an "Agreement to Arbitrate" on December 16, 1996, which read:

The undersigned, intending to be legally bound hereby, agree to submit the above captioned fee dispute to the Special Fee Determination Committee of The Allegheny County Bar Association for arbitration and determination, hereby waiving any objection to the arbitrators who are to determine this matter, and agreeing that the *award made shall be binding* in accordance with the terms of the award and in accordance with the laws of the Commonwealth of Pennsylvania pertaining to arbitration matters.[1] [Emphasis added]

Prior to arbitration, the appellant withdrew his complaint and consent to have the dispute heard by the ACBA Committee. After receipt of the appellant's withdrawal, the ACBA Committee informed the parties that resolution of the dispute would go forward despite the notice of withdrawal. A hearing was held on March 10, 1997, and resulted in an award of $28,691.50 for the appellee. A Petition to Confirm Arbitration Award was

contrary to the appellee's citation to Section 7303 of the Act at page 7 of its brief, we hold the Act does not apply. *Cf. Dunn v. Lewis*, 11 Chester Cty.Rpt. 370, 371 (1963) (Arbitration Act of 1927 not applicable to an arbitration-dispute-clause where parties made neither mention of it nor acted in a fashion to make it germane to the case).

filed by the appellee alleging that the ACBA Committee's decision was "binding" per the terms of the "Agreement to Arbitrate". The appellant's rejoinder was his "discontinuance" of the complaint prior to arbitration rendered any hearing thereafter "a nullity". The court disagreed and held "the defendant [wa]s bound by the arbitration agreement[.]" Also, the court referred the dispute back to the ACBA Committee "for resolution in accordance with the executed arbitration agreement" *because the appellee was willing to permit the appellant to offer evidence.* This appeal ensued challenging the court's directive to arbitrate.

Initially, we need to decide the finality of the order appealed, an issue which was reserved by this Court after the appellee filed a post-appeal "Motion to Quash".

■ Generally, our Courts have held that an order which has the effect of compelling arbitration is not final and appealable. *Maleski v. Mutual Fire, Marine and Inland Ins. Co.,* 534 Pa. 575, 633 A.2d 1143, 1145–1146 (1993); *Erie Ins. Exchange v. Midili,* 450 Pa.Super. 279, 675 A.2d 1267, 1269 (1996); *Gardner v. Prudential Ins. Co.,* 332 Pa.Super. 358, 481 A.2d 654, 655 (1984); see also 42 Pa.C.S.A. § 7320. At bar, however, this does not translate into a foreclosure of the appellant's appeal. Albeit the court directed the parties to binding arbitration, the directive was beyond the court's authority to order given the stage of the litigation, i.e., *the dispute had been decided. Cf. Brown v. D. & P. Willow, Inc.,* 454 Pa.Super. 539, 686 A.2d 14 (1996) (Court acted ultra vires when in ordered the parties, absent an agreement, to binding arbitration).

To explicate, "[t]he only matter properly before [the court] was whether an agreement to arbitrate the dispute existed." *Santiago v. State Farm Ins. Co.,* 453 Pa.Super. 343, 683 A.2d 1216, 1218 (1996). Once such a finding had been made, the court could order arbitration. *Id.* Here, such a directive need not have been issued because the dispute had already been resolved by the (first) arbitration.

■ Stated otherwise, the (first) arbitration process was not subject to unilateral withdrawal by the appellant absent (as in any contract) a mutual mistake of fact, fraud in the inducement or coercion in its securement. *Schneider, Inc. v. Research–Cottrell, Inc.,* 474 F.Supp. 1179 (D.C.1979) (A fraudulently induced agreement to arbitrate is not enforceable); *Project Builders, Inc. v. Zeiders,* 87 Dauphin Cty.Rpts. 344, 346–347 (1967) (Arbitration agreement can be revoked only by mutual consent); *Dunn v. Lewis,* 11 Chester Cty.Rpts. 370, 372 (1964) (Semble); *Rosenfeld v. Rosenfeld,* 52 Lackawanna Jur. 226, 228 (1952) ("The parties are bound by their own promises, and, if the dispute is such as the parties contract to arbitrate, redress cannot be sought elsewhere until the arbitration is carried out."). No such grounds were proffered by the appellant. Accordingly, the contract to arbitrate was valid, enforceable and irrevocable after both disputants executed the "Agreement to Arbitrate", of which the submission was the moving consideration.

In *Mendelson v. Shrager,* 432 Pa. 383, 248 A.2d 234 (1968), our Supreme Court reversed the trial court's holding that one party may unilaterally revoke an agreement to arbitrate a dispute between members of the Allegheny County Bar, both of whom consented to submit disputes arising under the agreement to the final and conclusive decision of an arbitrator. When a dispute did arise relative to the division of fees and the appellant sought submission of the controversy to arbitration, the trial court's sustaining the appellee's preliminary objections and dismissing the complaint in favor of allowing the action to proceed in assumpsit was held to be error. In doing so, the *Mendelson* Court wrote:

We have held on numerous occasions that a submission to arbitration is not revocable when it is part of a contract containing other terms to be performed by the parties. " ... a submission is not revocable when it is part of a contract containing other terms to be performed by the parties, especially where those terms have been wholly or partly executed, or where it partakes of the nature of a contract by which important rights reciprocally are gained and lost, and of which the submission is the moving consideration."

Settlement of disputes by arbitration are no longer deemed contrary to public policy. In fact, our statutes encourage arbitration and with our dockets crowded and in some jurisdictions congested arbitration is favored by the courts.

Contracts that provide for arbitration are valid, enforceable and irrevocable, save upon such grounds as exist in law and equity for the revocation of any other type of contract. This is equally true of common law arbitration and the arbitration provided in the Act of 1927.

432 Pa. at 385, 248 A.2d 234 (Citations omitted). Accord *Bashford v. West Miami Land Co.*, 295 Pa. 560, 567, 145 A. 678 (1928); *Frederick v. Margwarth*, 221 Pa. 418, 420, 70 A. 797 (1908); *McCune v. Lytle*, 197 Pa. 404, 412–413, 47 A. 190 (1900); *White's Appeal*, 108 Pa. 473 (1885); 19 Stand.Pa.Prac.2d, §§ 103:1, 103:8, 103:13, 103:18 (1983).

*Sub judice*, the parties entered into an agreement to arbitrate a fee dispute. A panel of three attorneys would be appointed to hear the case, and their decision was to be final and conclusive, implying that the parties renounced the right to except thereto or to take an appeal. However, when an award was issued, the appellee's effort to confirm it was objected to by the appellant as invalid by his withdrawal.

■ The court acted properly in denying the appellant's efforts to render the award a nullity. Nevertheless, the court exceeded its authority when it ordered the case to be reheard because the appellee had agreed to allow the appellant to present evidence before a new board of arbitrators. This was error.

Questions which were the subject of dispute in the arbitration proceedings may not be retried in an action brought upon the award. As Mr. Justice Stern stated in *Goldstein et al. v. International Ladies' Garment Workers' Union et al.*, 328 Pa. 385, 196 A. 43 [(1938)], at page 389 [196 A. 43]: "An arbitrator, in the absence of any agreement limiting his authority, is the final judge of both law and fact, and his award will not be reversed or set aside for mistake of either; otherwise arbitration proceedings, instead of facilitating the settlement of controversies, would serve but to delay the final determination of the rights of the parties: *Pierce Steel Pile Corporation v. Flannery*, 319 Pa. 332, 339 [179 A. 558]." See also *Canuso et al. v. Philadelphia*, 326 Pa. 302, 308, 192 A. 133.

*Gowen v. Pierson*, 166 Pa. 258, 31 A. 83, was a suit on an award made by certain architects as named arbitrators in a building contract. The lower court discharged plaintiff's rule for judgment for want of a sufficient affidavit of defense. In reversing and ordering judgment entered for plaintiff, Chief Justice Sterret, pointed out that a party to an arbitration agreement who refuses to take part in arbitration proceedings "is not in a position to raise questions which he might have presented to the arbitrators, or to re-open, in this action on their award, questions upon which they were authorized to pass and did in fact determine in making up their award."

Under these authorities, it is clear that the rule principally relied upon by the court below is not applicable here. *Britex Co. v. Schwab & Sons*, 139 Pa.Super. 474, 480–481, 12 A.2d 473 (1940). *See also Wyoming Radio, Inc. v. Nat'l Ass'n of Broadcast Employees & Technicians, AFL-CIO*, 398 Pa. 183, 157 A.2d 366, 367 (1960).

At bar, the court below attempted to ameliorate the appellant's voluntary absence from the initial arbitration hearing by availing him the opportunity to appear at a second arbitration hearing. As in *Britex*, the court's efforts to accommodate the appellant and reopen the case does violence to the precepts upon which arbitration is based—a conclusive tribunal from which no appeal may be perfected except for common law reasons, i.e., fraud, not here applicable. *Mendelson, supra.* Therefore, the order of the court below is reversed and judgment is to be entered in favor of the appellee on remand.

Order reversed, case remanded for a *procedendo*, and jurisdiction is relinquished.

MONTEMURO, J., concurs in the result.