**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DAVID AND STACY ANN KOPEW | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TOLL BROTHERS, INC.; TOLL BROS., INC.; TOLL PA GP CORP.; AND TOLL PA, L.P. | : | No. 760 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered January 30, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  No. 2018-23696

BEFORE:  BOWES, J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                   **FILED JUNE 26, 2020**

This appeal arises from a dispute between homeowners – David and Stacy Ann Kopew (the Kopews) – and homebuilders – Toll Brothers, Inc., Toll Bros., Inc., Toll PA GP Corp. and Toll PA, L.P. (referred to collectively as "Toll" or "the Toll entities").  In 2017, the Kopews filed several claims alleging that Toll was liable for design and construction defects.  The matter was referred to arbitration and the assigned arbitrator summarily dismissed all the claims with prejudice, finding them to be procedurally barred by the Statute of Repose, 42 Pa.C.S. § 5536.  The Kopews petitioned the Court of Common Pleas of Montgomery County (trial court) to vacate the arbitrator's dismissal

_____

[*] Retired Senior Judge assigned to the Superior Court.

on the ground that they were denied an evidentiary hearing and the petition was granted.

Toll now appeals the trial court's order, arguing that the arbitrator's legal and factual findings as to the Statute of Repose were binding on the trial court, making an evidentiary hearing unnecessary. Conversely, the Kopews contend that the trial court's order should stand because the arbitrator had summarily dismissed their claims despite the existence of several factual questions that called for a full evidentiary hearing.

The Kopews also challenge this Court's jurisdiction on the ground that the trial court's order is an unappealable interlocutory order directing further arbitration proceedings.

For the reasons set forth below, we remand this case to the trial court for a more specific ruling as to why the arbitrator's decision was vacated.

**I.**

The Kopews received title to their newly constructed residence (the Home) on February 14, 2003. Almost 14 years later, on February 8, 2017, the Kopews asserted that Toll was liable for recently discovered water intrusions requiring extensive repairs to the Home.[1] As provided in the

---

[1] Toll Brothers, Inc. filed a Petition for Review at 44 EDM 2019 and the petition was denied on July 12, 2019.

Agreement of Sale for the Home,[2] the Kopews filed a Statement of Claims to the American Arbitration Association (AAA) on February 8, 2017, naming several Toll entities, including Toll Brothers, Inc., Toll Bros., Inc., Toll PA GP Corp. and Toll PA, L.P.  Statement of Claims, at p. 1.[3]

The Kopews asserted claims arising from the "design and construction of the Home, and the unfair and deceptive trade practices surrounding the advertisement, marketing, sale, design, and construction of the home and subsequent unfair and deceptive acts since the Home's sale."  Statement of Claims, 2/8/2017, at p. 1.

The Kopews also claimed that Toll "failed to comply with applicable building codes thereby rendering the design and construction of the Home

---

[2] An agreement to arbitrate a controversy shall be conclusively presumed to be an agreement to arbitrate pursuant to common law unless the agreement expressly provides for arbitration pursuant to statute, in which case Pennsylvania's statutory arbitration provisions will apply.  *See* 42 Pa.C.S. § 7302(a).  Here, the Agreement for Sale of the Home provides that the rules of the Federal Arbitration Act would apply as to any dispute between the Kopews and the Toll entities.  *See* 9 U.S.C. § 1, et seq.  However, as outlined in ***Trombetta v. Raymond James Fin. Servs., Inc.***, 907 A.2d 550, 576-77 (Pa. Super. 2006), when parties agree for the Federal Arbitration Act to apply as to a dispute within the jurisdiction of a Pennsylvania court, it is Pennsylvania law and not federal law which determines the applicable standard of review and appealability of the arbitrator's decision.  Thus, the trial court and this Court are guided by Pennsylvania's statutory arbitration provisions.  *See* 42 Pa.C.S. §§ 7301-7320.

[3] Initial claims against Toll Architecture I, PA and Toll Architecture, Inc. have been withdrawn.

unlawful." Statement of Claims, 2/8/2017, at p. 8. The Kopews stated that their home inspector had identified numerous "construction details [which] were inadequate under the building code," and averred that their claims of building code violations would be supported by further discovery from Toll. *Id.* at 2.[4]

The arbitrator held a preliminary teleconference hearing on July 10, 2017, after which the arbitrator entered a Scheduling and Procedure Order that the parties stipulated to. This order provided that the arbitration would be governed by Construction Industry Arbitration Rules of the American Arbitration Association. *See* Order, 7/27/2017, at paragraph 1. It also provided that "[i]f there are any threshold or dispositive issues that can be efficiently decided without considering the entire case, a motion with respect thereto may be filed[.]" *Id.* at paragraph 11.

Toll filed a Dispositive Motion on April 2, 2018, seeking dismissal of all claims as a matter of law based on the Statute of Repose.

The general rule of the Statute of Repose is that "a civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction

---

[4] On April 24, 2018, the Home underwent a "Moisture Intrusion Evaluation" which revealed purported building code violations with respect to stucco application of the Home.

of any improvement to real property must be commenced within 12 years after completion of construction of such improvement[.]" 42 Pa.C.S. § 5536(a).[5]

In its Dispositive Motion, Toll argued that the Statute of Repose barred all the Kopews' claims because over 12 years had elapsed between the date construction of the Home was completed (February 14, 2003) and the date the Kopews filed their claims with the AAA (February 8, 2017). In the alternative, Toll argued that the Kopews' claims were barred by the ten-year express warranty period outlined in the Sales Agreement for the Home; this warranty claim was never ruled by the arbitrator or the trial court so it is not germane to the present appeal.

_____

[5] The Statute of Repose states in relevant part that "any person" who performs or furnishes an improvement to real property is immune from suits filed more than 12 years after the improvement is completed:

> [A] civil action or proceeding brought against any person lawfully performing or furnishing the design, planning, supervision or observation of construction, or construction of any improvement to real property must be commenced within 12 years after completion of construction of such improvement to recover damages[.]

42 Pa.C.S. § 5536(a). A party asserting a Statute of Repose defense must show that (1) the project involved an improvement to real property; (2) over 12 years have elapsed from the completion of the improvement to commencement of the action; and (3) the party is in the Statute's protected class. *See Noll by Noll v. Harrisburg Area YMCA*, 643 A.2d 81, 84 (Pa. 1994).

The Kopews filed a response to Toll's Dispositive Motion, arguing that the Statute of Repose does not apply. **See** Response, 5/1/2018, at 24-30. First, the Kopews contended that they satisfied an exception to the Statute of Repose allowing claims to proceed within 14 years from the date of construction if the "injury" occurs between the 10th and 12th year of that date. **Id.** at 24-26. The alleged injury was deterioration of the Home due to water infiltration occurring between 2013 and 2015, making their claims timely filed under the Kopews' interpretation of the law.

Second, the Kopews argued that the Statute of Repose does not apply because Toll violated building codes at the time of the Home's construction in 2003. **Id.** at 27-29. The Kopews asserted that in the event of a code violation, a builder has not "lawfully" performed design or construction services to real property as contemplated by the Statute of Repose. **Id.** (citing **Amco Ins. Co. Emery & Assoc.**, 926 F.Supp. 2d 634 (W.D. Pa. 2013) (denying summary judgment for defendant because there existed questions of fact regarding alleged violations of building code violations and finding without explanation that Statute of Repose did not apply); **Riccio v. S&T Contracting, Inc.**, No. 2701 EDA 2002 (Pa. Super. 2004) (unpublished memorandum) (finding Statute of Repose did not apply because as the plaintiffs had alleged, defendants did not "lawfully" build home, having failed to obtain building permits as required by a local ordinance and building code requirements); and **Friedman v. Bar Development Co.**, Civil Action No. 6172 (March 13, 2006,

Westmoreland Cty. Court of Common Pleas 2004) (unpublished trial court opinion) (denying motion for judgment on pleadings because plaintiffs' allegations of building code violations rendered Statute of Repose inapplicable)).

Third, the Kopews argued that Toll Brothers, Inc. and Toll PA L.P. acted in bad faith by marketing and selling a defective home, making the Statute of Repose an unavailable defense. *Id.* at 29-30.

Toll filed a Reply, disputing the Kopews' claims that the Dispositive Motion was premature or inapplicable as a matter of law. *See* Reply, 5/18/2018, at 1-2. Toll emphasized that discovery had been ongoing for several months, and that the Kopews had already received over 500 pages of documents produced in accordance with the Scheduling and Procedure Order. *Id*. at 2. Further, Toll disputed the Kopews' interpretation of the Statute of Repose, asserting that no exceptions applied. More specifically, Toll maintained that for the purposes of the law, the occurrence of the "injury" took place on the date on which the Kopews received the deed to the Home and not years later when the alleged defects were discovered. *See id*. at 3-6.

As to whether code violations rendered Toll's conduct "unlawful" for the purposes of the Statute of Repose, Toll relied primarily on this Court's opinion in **Branton**, where the Kopews' interpretation was rejected under analogous circumstances. *Id.* at 7-13 (citing **Branton v. Nicholas Meat, LLC**, 159 A.3d

540 (Pa. Super. 2017)). Toll also cited numerous cases for the proposition that the Statute of Repose operates as a bar to all claims arising from design and construction defects, regardless of whether the claims are framed as negligence or fraud. *Id.* at 13-14.

The arbitrator sent a letter to the parties expressing concern that the Kopews had not directly addressed the legal issues posed by the Dispositive Motion. The Kopews were granted leave to file an amended response to the Dispositive Motion so that they could more squarely dispute the applicability of the Statute of Repose.

The Kopews filed a Substitute Response, arguing in relevant part that dismissal would be improper because discovery was not yet complete. To demonstrate the existence of genuine issues of material fact that would preclude application of the Statute of Repose, the Kopews asked to amend their Statement of Claims to include an inspection report that detailed the particular building codes that were violated with respect to the Home. *See* Substitute Response, 6/15/2018, at 4.

Moreover, the Kopews asserted that more discovery was necessary to establish which of the Toll entities were engaged in activity that would qualify them as members of the class protected by the Statute of Repose. *Id.* at 6. They argued that only Toll Bros., Inc., as the designer and builder of the Home, would be protected, but that Toll Brothers, Inc., Toll PA GP Corp. and Toll PA, L.P. were "the selling agents or owner/parent company entities who

had no role in the design or construction of the Home – are not protected by the Statute." *Id*. at 7.

Next, the Kopews requested to present expert testimony as to when their damages occurred. *Id.* at 11. Such evidence would purportedly establish that their claims related to "injury" occurring within the Statute of Repose period. The Kopews disagreed with Toll's position that "injury" within the context of the Statute of Repose can be dated no later than the point at which the Kopews took ownership of the Home.

On July 18, 2018, the arbitrator held a hearing on the Dispositive Motion and the parties articulated their rival interpretations of the Statute of Repose. There appears to be no transcript of the hearing in the record, but the parties' respective positions are clear from their filings. On August 16, 2018, the arbitrator sent the parties a letter advising of his tentative conclusion that the Statute of Repose applied as to all claims and all Toll entities. The arbitrator did so in advance of a final ruling in order to give the Kopews a final chance to notify him of any additional issues that could possibly bear on the final disposition.

Prior to the deadline for further briefing, on August 23, 2018, the Kopews notified the arbitrator that they would be withdrawing their claims in order to spare resources for the repair of the Home. Toll objected to the withdrawal of the claims on the ground that it would result in an evasion of a final dispositive ruling. After the arbitrator indicated that a dispositive ruling

would be issued notwithstanding the Kopews' withdrawal of their claims, the Kopews revoked their withdrawal and again opposed dismissal.

On September 6, 2018, the arbitrator entered an order dismissing all of the Kopews' claims based on the Statute of Repose. The arbitrator found that summary dismissal was proper as a matter of law because an evidentiary hearing would reveal no new pertinent information:

> [T]his dismissal on the basis of the Statute of Repose does not require or permit a factual development, discovery, or hearing. That is because the dismissal is as a matter of law. That is, it is based on the uncontroverted parameters of the two dates: February 14, 2003, when the statute began to run, and February 8, 2017, when this proceeding was commenced. Thus, there are no issues of material fact. All that is required is the construction of the statute, which is a matter of law only and which I have done in this decision and order.

Arbitrator's Order, 9/6/2018, at p. 11.

The arbitrator found further that the alleged code violations were immaterial because they did not render the construction of the Home "unlawful":

> A simple illustration shows the distinction between "lawful" and "legal." If an individual who possesses a valid driver's license is speeding, he is not legally operating the vehicle because he is driving over the posted speed limit. Nonetheless, he is lawfully operating the vehicle because he is licensed to do so.

Arbitrator's Order, 9/6/2018, at p. 7 (quoting **Branton**, 159 A.3d at 555 n.14). The arbitrator then evaluated the legislative history of Section 5536, noting that it was intended to serve as a complete defense because construction-related claims are extremely difficult to defend once 12 years

have elapsed from the date a structure is built. **See** Arbitrator's Order, 9/6/2018, at pp. 7-9.

The arbitrator found that the Kopews' main authorities (**Amco**, **Riccio** and **Friedman**) were not controlling:

> I have read all the cases cited by [the Kopews] on this issue of the Statute of Repose. They are fundamentally distinguishable from the case before me, and the analyses in those cases are eclipsed by the commanding logic of the principle that the reference to "lawfully performing or furnishing" in the Statute of Repose refers to the lawfulness of the actors [Toll] being authorized by law to perform and not to the alleged consequences of their conduct (damage caused to the Home by reason of the actors' deficiency in designing, constructing, etc.), which is the gravamen of [the Kopews'] allegations.

Arbitrator's Order, 9/6/2018, at p. 9.

The Kopews filed a petition in the trial court on October 9, 2018, asking for the arbitrator's dismissal to be vacated. They argued that the summary denial of their claims violated their right to a full hearing because outstanding questions of fact remained as to seven issues:

> (i) whether Toll PA, L.P., as Seller, entered into construction contracts, thereby affording them the protection of the Statute of Repose;
>
> (ii) whether Toll PA, L.P. provided the warranty to the Kopews, thereby affording them the protection of the Statute of Repose;
>
> (iii) whether more than one seller for the home existed, thereby extending the protection of the Statute of Repose to all Toll Entities;
>
> (iv) whether all Toll Entities were involved in the design and/or construction of the home, thereby affording each Respondent the protection of the Statute of Repose;

(v) whether the Toll Entities' post-sale unfair and deceptive acts were barred by the Statute of Repose;

(vi) whether the Toll Entities were properly licensed, thereby affording them the protection of the Statute of Repose, even under the arbitrator's flawed interpretation of the term "lawfully" in the Statute of Repose; and

(vii) whether the alleged injury occurred between years 10 and 12, thereby triggering the 2-year extension of the Statute of Repose, within which it is undisputed that the Kopews filed their claim.

Petition to Vacate, 10/8/2019, at 3-4.

Finally, the Kopews argued that they were entitled to a new arbitration because they learned after the vacatur of their claims that the arbitrator had failed to disclose having once ruled in favor of Toll in a previous, unrelated matter several years prior.

The trial court heard argument on the petition to vacate, and the Kopews stressed that the arbitrator had dismissed their claims without giving them any opportunity to present material evidence. *See* Transcript, 1/8/2019, at pp. 111-15. Toll responded by enumerating the case's procedural history, including the Kopews' participation in discovery and their many chances to present evidence to the arbitrator while a ruling on the Dispositive Motion was pending.

On January 30, 2019, the trial court granted the Kopews' petition, ordering a new arbitration before a new arbitrator. Toll sought clarification of the order from the trial court as to the basis for its ruling, but did not receive it. Toll then petitioned this Court to review the trial court's order and

separately filed a direct appeal on March 1, 2019. On May 9, 2019, Toll filed

a 1925(b) statement.

In its 1925(a) opinion, the trial court did not address the substance of

the arbitrator's ruling that the Kopews' claims were barred by the Statute of

Repose. Instead, the trial court focused solely on the appealability of its order:

> Instantly, the trial court granted Appellees' petition to vacate the arbitrator's award, finding that Appellees were effectively denied a hearing in accordance with 42 Pa.C.S. 7341 because the arbitrator issued a decision, dismissing Appellees' claims in their entirety and with prejudice, prior to the completion of discovery. Pursuant to 42 Pa.C.S. 7341, an arbitration award will only be vacated if "it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." Moreover, the language of Section 7341 and decided cases make it evident that only claims which assert some impropriety in the arbitration process, as asserted in the underlying matter, may be the subject to appeal, to the exclusion of appeals which seek review of the merits. 42 Pa.C.S.A. 7341; see also Andrew v. CUNA Brokerage Servs., 976 A.2d 496, 500 (Pa.Super.2009). Thus, because the trial court determined there was some impropriety in the arbitration process and, as such, remanded the underlying matter back to arbitration, this instant Appeal is improper.

*See* 1925(a) Opinion, 4/22/2019, at 4.

The trial court relied on the standard for vacating a common law

arbitration award set forth at 42 Pa.C.S. § 7341. The trial court did not specify

any outstanding discovery that could affect the arbitrator's ruling on Toll's

Dispositive Motion. While the trial court went on to reject the Kopews' claim

that the arbitrator had an undisclosed conflict of interest, it remanded the

matter to the American Arbitration Association for a *de novo* arbitration before

a new arbitrator. The trial court appeared to base its dismissal on the

arbitrator's perceived error of ruling on the Dispositive Motion before discovery had concluded.[6]

We issued a rule to show cause why the appeal should not be quashed for lack of jurisdiction because the trial court order was not final. We deferred the matter for further consideration. Both Toll and the Kopews each filed responses and briefed the issue in their respective briefs.

## II.

We must first decide whether we have jurisdiction to review the trial court's vacatur of the arbitrator's dismissal because, typically, we would have to quash an appeal as interlocutory if it arises from an order directing further arbitration as the subject order does here. *See Titus & McConomy v. Jalisi*, 713 A.2d 646, 648 (Pa. Super. 1998) ("Generally, our Courts have held that an order which has the effect of compelling arbitration is not final and appealable.").[7] To resolve that preliminary issue, we must provide some

---

[6] 42 Pa. C.S. § 7314 (d) provides that "[i]f the court vacates the award on grounds other than stated in subsection (a)(1)(v), the court may order a rehearing before new arbitrators chosen as prescribed in the agreement to arbitrate."

[7] We review questions of jurisdiction as a pure question of law under a *de novo* standard. *See Barak v. Karolizsi*, 196 A.3d 208, 215 (Pa. Super. 2018). An appellate court only "has jurisdiction to entertain appeals taken (1) as of right from a final order; (2) from interlocutory orders by permission; (3) from certain interlocutory orders as of right; and (4) from certain collateral orders." *Redevelopment Auth. of Cambria City v. Int'l Ins. Co.*, 685 A.2d 581, 585 (Pa. Super. 1996) (citations omitted).

background as to the scope of a trial court's authority to review the decisions of an arbitrator.

**A.**

A trial court's review of an arbitrator's final ruling is extremely limited. It is not permitted to vacate an arbitrator's dismissal based on a mere disagreement with the facts or law as found by the arbitrator. "The arbitrators are the final judges of both law and fact, and an arbitration award is not subject to reversal for a mistake of either." *F.J. Busse Co. v. Sheila Zipporah, L.P.*, 879 A.2d 809, 811 (Pa. Super. 2005); *U.S. Claims, Inc. v. Dougherty*, 914 A.2d 874, 876-77 (Pa. Super. 2006) (same); *Vogt v. Liberty Mut. Fire Ins. Co.*, 900 A.2d 912, 919 (Pa. Super. 2006) (same). "Errors of law and fact, and the unavailability of appellate review of such errors, are the risks of arbitration." *Toll Naval Assocs. v. Chun-Fang Hsu*, 85 A.3d 521, 529 (Pa. Super. 2014).

However, in limited circumstances, a trial court can vacate an arbitrator's award if it is necessary for the fairness of the proceeding. Those circumstances are enumerated in Pennsylvania's statutory and common law arbitration provisions.

Section 7314 of the Uniform Arbitration Act provides in relevant part that with respect to statutory arbitration, a trial court may vacate an arbitrator's award where it would be vacated under Section 7341 (common

law arbitration) or the arbitrator "refused to hear evidence material to the controversy":

(a) **General rule**.

(1) On application of a party, the court shall vacate an award where:

(i) **the court would vacate the award under section 7341 (relating to common law arbitration) if this subchapter were not applicable**;

(ii) there was evident partiality by an arbitrator appointed as a neutral or corruption or misconduct in any of the arbitrators prejudicing the rights of any party;

(iii) the arbitrators exceeded their powers;

(iv) **the arbitrators** refused to postpone the hearing upon good cause being shown therefor or **refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of section 7307 (relating to hearing before arbitrators), as to prejudice substantially the rights of a party**; or

(v) there was no agreement to arbitrate and the issue of the existence of an agreement to arbitrate was not adversely determined in proceedings under section 7304 (relating to court proceedings to compel or stay arbitration) and the applicant-party raised the issue of the existence of an agreement to arbitrate at the hearing.

42 Pa.C.S. § 7314(a) (emphasis added).

Section 7314(a)(1)(i) incorporates the common law rule set forth at 42 Pa.C.S. 7341, the provision that the trial court relied on here which states that an arbitrator's award "is binding and may not be vacated or modified [by a court] unless it is clearly shown that a party was denied a hearing or that

fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award." 42 Pa.C.S. § 7341.

Although Section 7314 refers to the denial of a hearing as being a basis for vacating the arbitrator's award, that does not mean that in all instances an evidentiary hearing must be held. Because the rules governing arbitration permit the summary disposition of claims, we have explained that the absence of an evidentiary hearing is not a *per se* deprivation of the right to be heard at arbitration. **See generally Toll Associates v. Chun-Fan Hsu**, 85 A.3d 521, 526-27 (Pa. Super. 2014).[8] Rather, it is when an arbitrator refuses to consider a party's "material evidence" that a trial court may step in to safeguard the right to a fair and impartial disposition. **Id**. (quoting **Andrew v. CUNA Brokerage Services, Inc.**, 976 A.2d 496 (Pa. Super. 2009)).[9] It was on that basis that the trial court, here, without further explanation, vacated the arbitration award and ordered further proceedings.

---

[8] Similarly, while Section 504 the Administrative Agency Law, 2 Pa.C.S. § 504, mandates that a party receive an opportunity to be heard, that opportunity does not require the equivalent of an evidentiary hearing in every case. **Manor v. Department of Public Welfare**, 796 A.2d 1020 (Pa. Cmwlth. 2002). Where there are no disputed facts, the motion proceedings, including briefs and arguments by both parties, provide ample opportunity for the parties to be heard, and the Administrative Agency Law requires no more. **Independence Blue Cross v. Pennsylvania Ins. Dept.**, 802 A.2d 715(Pa. Cmwlth. 2002).

[9] The Kopews agreed to and are bound by the terms of the arbitrator's Scheduling and Procedure Order. This order specifically provided that the arbitrator could summarily rule on dispositive motions when appropriate.

The question then becomes whether we can review the trial court's order vacating the arbitrator's dismissal and ordering further arbitration where the arbitrator had decided the Statute of Repose barred the claims as a matter of law. Toll argues that this Court has jurisdiction under the principle of *ultra vires* even if the order it appeals does not fall under the enumerated appealable orders in Section 7320. **See generally Titus & McConomy v. Jalisi**, 713 A.2d 646, 648 (Pa. Super. 1998). According to Toll, the trial court exceeded its authority when it vacated the dismissal because the arbitrator's interpretation of law was binding on the trial court, and there was no outstanding discovery request that would have had an impact on the applicability of the Statute of Repose.

With that background in mind, we will now ascertain whether we have jurisdiction to hear Toll's appeal.

**B.**

An appellate court only "has jurisdiction to entertain appeals taken (1) as of right from a final order; (2) from interlocutory orders by permission; (3) from certain interlocutory orders as of right; and (4) from certain collateral orders." **Redevelopment Auth. of Cambria City v. Int'l Ins. Co.,** 685 A.2d 581, 585 (Pa. Super. 1996) (citations omitted).

Unlike appeals from orders in a civil action awarding a new trial,[10] the Pennsylvania's Uniform Arbitration Act, Section 7320(a), sets forth the "general rule" that an appeal may only be taken from certain enumerated trial court orders involving arbitration. **See** 42 Pa.C.S. § 7320(a)(5).

Regarding a trial court order that vacates an arbitration award, Section 7320(a)(5) specifies that a party may appeal a "court order vacating an award without directing a rehearing." **Id**. It logically follows that a party does not have a right to appeal a trial court's vacatur of an arbitration award when a rehearing is directed. **See Jalisi**, 713 A.2d at 648.

However, under the principle of *ultra vires*, an aggrieved party may appeal an otherwise unappealable order if the trial court has exceeded its authority when entering it. **See id**. at 646. That is, if a trial court impermissibly evaluates an arbitrator's dispositive ruling based on questions of law or fact, then an order requiring rehearing is still subject to immediate

_____

[10] Pa.R.A.P. 311 provides, in relevant part:

> (a) General rule.--An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from:
>
> * * *
>
>     (6) New trials.--An order in a civil action or proceeding awarding a new trial, or an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge or where the Commonwealth claims that the trial court committed an error of law.

appeal despite the lack of finality. ***See*** 42 Pa.C.S. §§ 7314, 7341; ***see also Zipporah, L.P.***, 879 A.2d at 811 (quoting ***Fioravanti***, 299 A.2d at 589) (explaining that a trial court may only vacate an arbitration award if the process itself imported "such bad faith, ignorance of the law and indifference to the justice of the result"). The principles of *ultra vires* would preclude a trial court from vacating an arbitrator's final ruling for reasons only tangentially related to the grounds outlined in 42 Pa.C.S. § 7314(a) if it would have the same effect as reversing an arbitrator's ruling on the merits but insulating that action from immediate review.

In order to operate within its statutory authority under Section 7314, the trial court had to show that the arbitrator precluded material evidence from being considered which would have an effect on the outcome on the arbitrator's decision. Such a showing would make the trial court's action proper, and the fact that the parties are directed to continue arbitration would make would require us to quash Toll's appeal as interlocutory. However, if the trial court cannot articulate how or why material evidence was precluded, then we can hear the appeal because the basis for the trial court order was *ultra vires*. Because the trial court did not identify any outstanding and material evidence that could affect applicability of the Statute of Repose, we cannot make a determination of this Court's jurisdiction over the trial court's order.

Accordingly, we vacate the trial court's order and remand this matter to the trial court to specify the material evidence that any outstanding discovery would produce as to the arbitrator's finding that the Statute of Repose barred the Kopews' claims.[11]

Case remanded for further proceedings consistent with this memorandum. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/20

---

[11] The Kopews also contend that this appeal is, in effect, moot because they do not intend to avail themselves of further arbitration or pursue any claims against Toll once this appeal has concluded and will dismiss the arbitration with prejudice on remand. Toll disputed that the matter is moot because the Kopews have filed for a rehearing before an arbitrator. Upon remand, the Kopews can move to dismiss the arbitration with prejudice, vitiating the mandate that the trial court issue a new decision.